UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-506-GWU

FREDA KAY KINNEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Freda Kinney originally brought Kinney v. Barnhart, London Civ. A. No. 04-285 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of August 12, 2005 (Tr. 293-304), it is again before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to

perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 CFR 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-

making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Kinney, a 45 year-old former nurse's aide with a high school equivalent education, suffered from impairments related to insulin-dependent diabetes mellitus, a generalized anxiety disorder, a chronic depressive disorder, dysthymia and avoidant traits.  (Tr. 270, 277).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 274, 277).  Based upon application of Rule 203.29 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled.

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in relying upon the Medical-Vocational Guidelines to find that a significant number of other jobs remained available to Kinney.  The ALJ determined that the plaintiff was limited to medium level work restricted from a full range by a need to avoid exposure to hazards and a "limited but satisfactory" ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, understand, remember and carry out detailed instructions, behave in an emotionally stable manner, demonstrate reliability, and maintain appearance.  (Tr. 274-275).  Despite making these extensive findings, the ALJ ultimately found that these limitations were not significant and the full range of medium level work could still be performed.  (Tr. 278).  However, the undersigned strongly disagrees with the ALJ that these limitations were not significant. While the individual limitations in isolation might not be very restrictive, the combination of multiple limitations could be very limiting and should have been presented to a

06-506 Kinney

vocational expert.[1]  Therefore, the ALJ has failed to meet her burden of showing that a significant number of other jobs remained available to the claimant and a remand of the action for further consideration is required.

The Court notes that Kinney argues that the ALJ erred in evaluating the evidence of record relating to her mental condition.  These arguments should be carefully considered upon remand.

Dr. Kevin Croce was the only licensed physician of record to address the issue of functional limitations.[2]  On a Functional Capacities Assessment Form, Dr. Croce restricted Kinney exertionally to medium level work.  (Tr. 317).  The doctor also noted that she would be unable to ever climb and would be restricted from more than occasionally bending, squatting and crawling.  (Id.).  However, in the text of his report, Dr. Croce suggests that the claimant does not suffer from significant impairment.  (Tr. 314).  Upon remand, this discrepancy should be addressed.

---

[1] This residual functional capacity finding was presented to Vocational Expert James Miller at the May 24, 2006 administrative hearing and testimony indicating that the past work could not be performed was obtained.  (Tr. 475-476).  However, for inexplicable reasons, the ALJ did not further question the witness concerning what other jobs which would remain available.  (Tr. 476-477).

[2] Dr. Hughes Helm, another examiner, did address this question.  (Tr. 147-150).  However, Dr. Helm examined the plaintiff at a time when he was not licensed in Kentucky and, so, the ALJ properly concluded she could not rely upon his opinion.  (Tr. 272).

06-506 Kinney

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of September, 2007.

Signed By:

*G. Wix Unthank*  *GWU*

United States Senior Judge